DECISION
{¶ 1} Appellant, Roger V. Fowler, appeals from a judgment of the Franklin County Court of Common Pleas that found him guilty of theft, in violation of R.C. 2913.02(A)(1), and sets forth the following assignment of error:
Trial Counsel's failure to make a motion for acquittal under criminal rule 29(a) of the ohio rules of criminal procedure at the close of the state's case in chief constitutes ineffective assistance of counsel and thus deprives appellant of his rights as guaranteed by the sixth and fourteenth amendments to the united states constitution and comparable provisions of the ohio constitution.
 {¶ 2} On March 12, 2003, appellant went to American Auto Brokers, located on Sullivant Avenue on the west side of Columbus, and expressed interest in a 1987 Yamaha motorcycle sitting on the lot. Chris Stevens, who was employed by American Auto Brokers as a mechanic and who occasionally showed cars, took the keys from the office and started the motorcycle for appellant. Appellant sat on the bike and began to race the engine.
 {¶ 3} Joseph Blankenship, the owner of American Auto Brokers testified he has a strict policy against allowing test rides on motorcycles. Blankenship testified he has this policy as some young people claim to be able to ride a motorcycle but cannot and "[b]ikes can hurt you real quick." (Tr. at 17.)
 {¶ 4} In keeping with his employer's policy against test rides on a motorcycle, Stevens told appellant to get off the motorcycle, at which time appellant drove off the lot at a high rate of speed. Stevens immediately reported the incident to Blankenship, who called the Columbus Police.
 {¶ 5} Officer Nicole Prysock testified that she and her partner were leaving the Franklin County jail and heard a report that a stolen motorcycle was reported as being in their vicinity. Officer Prysock and her partner drove to South Third and Livingston, on the east side of Columbus, and saw the motorcycle on Livingston. The officer testified they tried to block the motorcycle with their cruiser but appellant drove around them, attempted to drive around another truck stopped in traffic and hit a parked truck. Appellant struck the parked truck with sufficient force that the seat became dislodged from the motorcycle and appellant was thrown off. Appellant attempted to flee on foot but was apprehended by the Columbus Police.
 {¶ 6} Blankenship arrived on the scene and identified appellant, as well as the motorcycle, which was a distinctive purple color, and also matched the vehicle identification number on the damaged motorcycle with the number on the certificate of title in his possession.
 {¶ 7} Appellant testified in his own behalf and stated Stevens told him he could drive the motorcycle around the block. He testified he drove further than that because it was not a sufficient distance to determine whether the motorcycle was running correctly. Appellant also testified he was initially unaware that the police were chasing him but, when he did become aware of their pursuit, he attempted to stop, put the kickstand down and the motorcycle fell over. Appellant denied he was trying to flee the police but said he was spun around when the motorcycle fell. Appellant admitted to having several felony convictions. At the close of appellant's case, his attorney made a motion for acquittal pursuant to Crim.R. 29.
 {¶ 8} The jury found appellant guilty of theft and the trial court sentenced him to 18 months in prison.
 {¶ 9} In his sole assignment of error, appellant argues that trial counsel was ineffective for failing to make a motion for acquittal, pursuant to Crim.R. 29, at the close of the state's case. Appellant argues that a motion for acquittal is required in all criminal cases so that the court is required to determine whether the state has presented sufficient evidence as to each element of the offense. Appellant further argues he was prejudiced because a motion for acquittal questions the sufficiency of the evidence and it might have resulted in his acquittal and he would not have been required to testify. We disagree.
 {¶ 10} In order to demonstrate that his counsel's representation was ineffective, appellant must demonstrate that: (1) counsel's performance was deficient; and (2) this deficient performance prejudiced the defense. Strickland v. Washington
(1984), 466 U.S. 668, 687. "A defendant does not state a claim for ineffective assistance of counsel unless his attorney acted unreasonably given the facts of the case, and the unreasonable conduct was prejudicial to the defense." State v. Mills (1992),62 Ohio St.3d 357, 370, certiorari denied, Mills v. Ohio
(1992), 505 U.S. 1227. Counsel need not raise meritless issues.State v. Hill (1996), 75 Ohio St.3d 195.
 {¶ 11} Crim.R. 29(A) provides:
(A) Motion for judgment of acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
 {¶ 12} In State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus, the Ohio Supreme Court held:
Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.
 {¶ 13} In reviewing a trial court's ruling on a motion for acquittal, an appellate court construes the evidence in the light most favorable to the state. A motion for acquittal is properly denied if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Wolfe
(1988), 51 Ohio App.3d 215.
 {¶ 14} Appellant was charged with a violation of R.C.2913.02(A)(1), which provides:
(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
(1) Without the consent of the owner or person authorized to give consent.
 {¶ 15} The state presented evidence that appellant was told to get off the motorcycle and was not given permission to drive it. Immediately upon being told to get off the motorcycle, appellant drove off the owner's property at a high rate of speed, drove the motorcycle some distance away, failed to stop for the police who were in pursuit and only relinquished control of the motorcycle after he crashed into a parked truck and was apprehended by the police. Given this evidence, there was sufficient evidence as to each element of the offense and a motion for acquittal at the close of the state's case would have served no purpose. Counsel is not ineffective for failing to make a meritless motion. State v. Hill (1996), 75 Ohio St.3d 195.
 {¶ 16} For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Lazarus, P.J., and Sadler, J., concur.